FILED
2018 Aug-01 AM 10:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS ALVIN WALKER, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 2:16-cv-00316-AKK-JEO |
| LEON BOLLING, et al., | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This is an action for a writ of habeas corpus filed by petitioner Thomas Alvin Walker, *pro se*, on or about February 24, 2016. Doc. 1. Walker challenges his 2009 conviction and sentence for Rape, First Degree, in Dallas County Circuit Court. *Id.* at 2. On April 19, 2018, the magistrate judge to whom the case was referred entered a report and recommendation pursuant to 28 U.S.C. § 636(b), recommending that habeas relief be denied. Doc. 14. Walker has filed timely objections to the report and recommendation. Doc. 15.

In his objections, Walker attempts to challenge the factual findings on his *Faretta* claim by asserting for the first time that no right to hybrid representation exists, relying on *Cross v. United States*, 893 F.2d 1287 (11th Cir. 1990). Doc. 15 at 2. However, Walker misconstrues *Cross*, which stated only that a *pro se* individual has no constitutional right to serve as co-counsel to an attorney. *Cross*,

1

893 F.2d at 1291–92. This has no relevance to the facts here, as Walker never attempted to serve as co-counsel to his court-appointed attorney. At trial, the court clearly instructed Walker that, because he wanted appointed counsel to "step[] in to represent you, that you're not going to have the opportunity to speak to this jury either in opening statements or closing statements; you won't represent yourself. You will be the Defendant. You will not be representing yourself or speaking to this jury unless you choose to testify. Do you understand that?" Doc. 9-3 at 80. The petitioner stated on the record that he understood the court's instruction. *Id.* Nothing in this objection provides any basis to find that Walker is entitled to habeas relief.

Walker next objects to the report and recommendation because "the trial court [had] reason to believe that the petitioner [was] suffering from a mental disease or defect that . . . grossly affects his ability to understand the present proceeding and assist in his own defense." Doc. 15 at 2 (citing Doc. 14 at 10–11). Walker's reliance on the report and recommendation for this objection is misplaced. The magistrate judge quoted the trial court record wherein the trial judge allowed Walker to fire his court appointed counsel and proceed *pro se*. Fired counsel stated "Your Honor, I would insist on a mental evaluation" to which the court responded, "Mr. Keith, you've been fired." Doc. 14 at 10-11 (citing Doc. 9-3 at 70–74). Other than quoting the adage that "the man that represents himself has a

fool for a lawyer," doc. 14 at 10, at no point did the trial court express an opinion that Walker lacked the mental capacity to understand the proceedings or to assist in his own defense. This objection is without merit.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's Report and Recommendation and Walker's objections thereto, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. Walker's Objections are **OVERRULED**. Accordingly, the petition for writ of habeas corpus is due to be **DENIED** and **DISMISSED WITH PREJUDICE**. Further, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000). A separate Final Order will be entered.

**DONE** the 1st day of August, 2018.

                                                              _____
                                                              **ABDUL K. KALLON**
                                                              UNITED STATES DISTRICT JUDGE